UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/16

TVB HOLDINGS (USA), INC. and DISH NETWORK L.L.C.,

    Plaintiffs,

v.

GRAND STREET PHARMACEUTICAL LLC d/b/a BUY-RITE PHARMACY IV,

    Defendant.

CIVIL ACTION NO. 15-CV-9521 (PGG)

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION

    WHEREAS, Plaintiffs TVB Holdings (USA), Inc. ("TVB (USA)") and DISH Network L.L.C. ("DISH") (collectively, "Plaintiffs"), on the one hand, and Defendant Grand Street Pharmaceutical LLC d/b/a Buy-Rite Pharmacy IV ("Defendant"), on the other hand, have agreed in a separate confidential agreement to settle the matters in issue between them and have further stipulated to entry of this Consent Judgment and Permanent Injunction, it is hereby

**ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

    Any findings of fact or conclusions of law herein are made only as to the parties to this Consent Judgment and Permanent Injunction.

**Findings of Fact and Conclusions of Law**

    1.    Plaintiffs bring claims against the Defendant for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

    2.    This Court has jurisdiction over Plaintiffs and the Defendant in this action and over the subject matter in issue based on 28 U.S.C. §§ 1331, 1338 and 17 U.S.C. § 101 *et seq.* This Court further has continuing jurisdiction to enforce the terms and provisions of this

Consent Judgment and Permanent Injunction. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

3. Plaintiff TVB Holdings (USA), Inc. ("TVB (USA)") is a corporation organized under the laws of the State of California with its principal place of business in Norwalk, California. TVB (USA) is a wholly owned indirect subsidiary of TVB, a Hong Kong company that is the largest producer of Cantonese-language television programming in the world. TVB (USA) distributes and licenses TVB television programming in the United States. TVB (USA)'s ultimate parent company, TVB, operates five over-the-air television channels—Jade, J2, Jade HD, iNews (Cantonese), and Pearl (English)—and 13 pay TV channels in Hong Kong. TVB also has operations in Taiwan, owning the popular TVBS, TVBS-News, and TVBS-G channels.

4. Plaintiff DISH Network L.L.C. ("DISH") is a limited liability company organized under the laws of the State of Colorado with its principal place of business in Englewood, Colorado. DISH is the nation's third-largest pay television service, delivering video services to approximately 14 million customers nationwide through both satellite and Internet platforms.

5. Defendant Grand Street Pharmaceutical LLC dba Buy-Rite Pharmacy IV is a limited liability corporation organized and existing under the laws of New York, having its principal place of business at 215 Grand Street, New York, New York 10013.

6. TVB (USA) is the exclusive licensee in the United States of certain programming owned by TVB and/or TVB's wholly owned subsidiary, TVBO Production Limited ("TVBO"), for certain media. Representative TVB television programs that have been registered in the U.S. include:

| Program | Registration number |
|---|---|
| Lord of Shanghai – 梟雄 (Episode 2) | PA 1-960-690 |
| With Or Without You (Episode 3) | PA 1-962-246 |
| Taipei On A Tray (Episode 11) | PA 1-962-245 |
| Come Home Love (Episode 888) | PA 1-962-247 |

7. Plaintiffs are the legal and beneficial owners of exclusive rights to exploit copyrighted TVB television programming in the United States. Among the bundle of rights afforded Plaintiffs under United States copyright law is the exclusive right to "perform the copyrighted work publicly." 17 U.S.C. § 106(4). This includes the exclusive right "to transmit or otherwise communicate a performance or display of" Plaintiffs' copyrighted television broadcasts and programs "to the public by means of any device or process whether the members of the public capable of receiving the performance or display receive it in the same place or in separate places and at the same time or at different times." *Id.* § 101.

8. This copyright infringement action arises out of Defendant's use of the "TVpad" set-top box to publicly perform Plaintiffs' copyrighted programming without authorization at its business location at 215 Grand Street in Manhattan.

9. Defendant is liable under the Copyright Act for unauthorized public performance in the United States of Plaintiffs' copyrighted works, in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106.

10. Defendant committed the foregoing acts willfully and with knowledge of Plaintiffs' copyrights and exclusive rights in and to their copyrighted works. Defendant's infringing conduct was willful, in light of its continuing infringement following receipt of a cease and desist letter from Plaintiffs.

**Permanent Injunction**

11. For purposes of this Permanent Injunction, the following definitions shall apply:

a. "Plaintiffs' Copyrighted Programming" shall mean each of those audiovisual works, including television programming, or portions thereof, whether now in existence or later created, in which the Plaintiffs, or any of them (or any parent, subsidiary, or affiliate of any of the Plaintiffs), owns or controls an exclusive right under United States copyright law;

b. "TVpad Device" shall mean any television set-top device sold under the name "TVpad"; and

c. "Comparable System" shall mean any device, data transmission service or application that provides users unauthorized access to Plaintiffs' Copyrighted Programming, using any peer to peer or internet based transmission, file sharing or content delivery technology.

12. Defendant, and all of its affiliates, d/b/a's, agents, officers, servants, employees, successors, assigns, and those persons or entities acting in active concert or participation with it who receive actual notice of this Order (collectively, the "Enjoined Parties"), are immediately and permanently enjoined from engaging in any of the following activities:

a. Transmitting, retransmitting, assisting in the transmission of, requesting transmission of, streaming, hosting or providing unauthorized access to, or otherwise publicly performing, directly or indirectly, by means of any device or process in violation of U.S. Copyright Law, including but not limited to any TVpad Device or any Comparable System, Plaintiffs' Copyrighted Programming, without direct or indirect (through an authorized provider) authorization of the Plaintiff that owns or controls that Programming;

  b. Advertising or promoting access to or the availability of Plaintiffs' Copyrighted Programing, without direct or indirect (through an authorized provider) authorization of the Plaintiff that owns or controls that Programming;

  c. Encouraging or soliciting others to transmit or reproduce Plaintiffs' Copyrighted Programming, without direct or indirect (through an authorized provider) authorization of Plaintiff that owns or controls that Programming; and

  d. Otherwise infringing Plaintiffs' rights in Plaintiffs' Copyrighted Programming, whether directly, contributorily, vicariously or in any other manner.

13. Service by mail upon Defendant, care of Gloria Tsui-Yip at Miskin & Tsui-Yip, LLP, 1350 Broadway, Suite 802, New York, New York 10018 of a copy of this Consent Judgment and Permanent Injunction once entered by the Court is deemed sufficient notice to Defendant under Federal Rule of Civil Procedure 65. It shall not be necessary for Defendant to sign any form of acknowledgement of service.

14. This Permanent Injunction shall bind the Enjoined Parties. Defendant shall provide a copy of this Permanent Injunction to its affiliates, agents, officers, servants, employees and attorneys.

15. Violation of this Permanent Injunction shall expose Defendant and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

16. All other claims, defenses or compulsory counterclaims, either actually asserted in this action or which could have been asserted in this action, by either party against the other, are hereby dismissed with prejudice.

17. The parties shall bear their own attorneys' fees and costs.

*The Clerk of the Court is directed to close this case.*

IT IS SO ORDERED.

April 27, 2016

_____
Hon. Paul G. Gardephe
Judge of the United States District Court